IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DANIEL STRIZIC,<br><br>          Plaintiff,<br><br>vs.<br><br>NORTHWESTERN CORPORATION, PEGGY LOWNEY, and STANDARD INSURANCE COMPANY,<br><br>          Defendants. | CV 14–40–H–CCL<br><br>ORDER |

      Before the Court are two motions: Defendants' Motion to Dismiss Defendant Peggy Lowney (Doc. 5) and Plaintiff's Motion for Remand (Doc. 12). Defendants removed this case to federal court, alleging that this Court has jurisdiction under both the diversity of citizenship statute, 28 U.S.C. § 1332, and the removal statute, 28 U.S.C. § 1441. Defendants assert that Plaintiff has fraudulently joined a Northwestern's employee, Lowney, as a party for the purpose of defeating diversity jurisdiction. (Doc. 1, Notice of Removal at 3, ¶ 5.)

This breach of contract and unfair trade practices action is brought by Daniel Strizic ("Strizic"), who is a former employee of Defendant Northwestern Corporation ("Northwestern"). Strizic alleges that Northwestern breached its contract with him by denying his claim for short-term disability payments. Northwestern's disability income plan is self-funded and administered by Defendant Standard Insurance Company ("Standard"). Strizic alleges in the Complaint that "Defendant Peggy Lowney is the Director of Compensation and Benefits at Northwestern's operations in Montana, and is a citizen and resident of Montana." (Doc. 1-1, Compl. at 2, ¶4.) Strizic further alleges that Defendant Lowney ("Lowney") acted as agent of Northwestern and provided "inaccurate information" to Standard because "she desired to prevent Strizic from obtaining disability benefits." (Doc. 1-1, Compl. at 3, ¶8.) The unfair trade practices claim alleges that the Defendants

> "misrepresented pertinent facts and policy provisions relating to coverages at issue, failed to conduct a reasonable investigation before denying Strizic's claim and neglected to attempt in good faith to settle Strizic's claim promptly, fairly, and equitably when liability was clear."

(Doc. 1-1, Compl. at 4, ¶ 18.)

Although Strizic's short-term disability benefits (had they been paid) were apparently worth $50,079.58, *see* Doc. 1-1, Compl. at 3, ¶8, neither Defendants nor Plaintiff have addressed whether Defendants have demonstrated that the $75,000 amount in controversy requirement is met in this case. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (defendant's burden to establish diversity jurisdiction). Strizic's Complaint seeks the benefits owed to him under the short-term disability income plan, prejudgment interest on all overdue payments, consequential economic damages, general damages, punitive damages, and attorneys' fees and costs. (Doc. 1-1, Compl. at 5.) Defendants aver that there is more than $75,000 in dispute. (Doc. 1, Notice of Removal at 3, ¶5.) A court may allow discovery regarding the amount in controversy, *see Abrego Abrego*, 443 F.3d at 691, but in that event the court must remain cognizant of the potential for loss of subject matter jurisdiction.

Motion to Dismiss

Defendants assert that Plaintiff fails to state a claim against Lowney upon which relief can be granted. Under Rule 12(b)(6), Fed.R.Civ.P., the Court accepts all well-pleaded facts as true, but conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *National Association for the Advancement of Psychoanalysis v. California Board of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000), *cert. denied* 532 U.S. 972 (2001). Plaintiff's Complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). Fraudulent joinder occurs when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hamilton Materials v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). A court may ignore the presence of a fraudulently joined defendant for purposes of determining diversity jurisdiction. *See Morris v.*

*Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Strizic had no contract with Lowney. Strizic fails to make any specific allegation of unfair trade practices against Lowney. Plaintiff's punitive damages claim is not a stand-alone claim against Lowney.

As to Count I (Breach of Contract), there is no privity of contract as is required for a breach of contract claim. *Turner v. Kerin & Associates*, 283 Mont. 117, 127, 938 P.2d 1368, 1374-75 (Mont. 1997). As to Count II (Unfair Trade Practices), Plaintiff does not allege that Lowney is a claims adjuster as was the case in *O'Fallon v. Farmers Ins. Exchange*, 260 Mont. 233, 244-45, 859 P.2d 1008, 1015 (Mont. 1993), or *Soanes v. Carolina Cas. Ins. Co.*, 2010 WL 5607045 (D. Mont. 2010) (involving corporate insurance adjuster). As against an individual, it must be pled that the unfair trade practices violation is done "with such frequency as to indicate a general business practice...." § 33-18-201 (2013); *cf.* § 33-18-242(2) (2013); *see also O'Fallon*, 859 P.2d at 1014-15. There is no allegation that Lowney's acts were of such frequency as to indicate a general business practice. A single instance of alleged wrongdoing by Lowney is

5

insufficient to support an inference that her conduct was "of such frequency as to indicate general business practice...." *Id.*  Such an inference could reasonably be inferred as to a corporation in the business of insurance or claims adjusting, *see Soanes*, but not as to an individual employee of Northwestern acting within the scope of her employment, for that would constitute evidence against Northwestern itself.

As stated by Defendants in their opening brief, "a corporation's employees under Montana law are not personally liable for acts taken on behalf of the corporation.  *Sherner v. National Loss Control Services Corp.*, 329 Mont. 247 ¶ 25, 124 P.3d 150 ¶ 25 (Mont. 2005) (citation omitted)."  (Doc. 18, Def.'s Brief in Supp. at 4.)  There is no allegation in the Complaint that would provide facts to support any exception to the corporate shield.  For example, there is no allegation or fact from which the Court could infer that Lowney acted independently outside the scope of her employment.  Neither is there any allegation or fact from which the Court could infer that Lowney acted for her own pecuniary benefit and against the best interest of the corporation.  *See Kuhns v. Scott*, 259 Mont. 68, 74-75, 853

P.2d 1200, 1204 (Mont. 1993).

In a similar case, a court of this District held that an employee of a title company could not be sued for claims of negligence, tortious interference, civil conspiracy, and punitive damages:

> Plaintiffs plead that Ms. Smith acted as an employee of American Title. Plaintiffs do not allege that Ms. Smith acted in any way other than as an escrow officer of American Title nor did the Plaintiffs allege that she acted for her personal benefit, or on or for her own behalf.

*Flagstone Development, LLC v. Joyner*, 2010 WL 1780093, *1 (D. Mont. 2010) (relying on Montana Code Ann. § 28-10-620 and *Crane Creek Ranch, Inc. v. Cresap*, 103 P.3d 535, ¶13, (Mont. 2004); *Bottrell v. American Bank*, 773 P.2d 694 (Mont. 1989); and *Phillips v. Montana Educ. Ass'n*, 610 P.2d 154 (Mont. 1980)).

In opposing the motion to dismiss, Plaintiff's counsel informs the Court that Strizic may amend the Complaint to allege a negligence claim against Lowney. However, counsel apparently intends to wait until the case is remanded to state court to so amend, so as to take advantage of a more lenient state pleading

requirement (the "conceivably" standard as opposed to the federal "plausibly" standard). However, federal pleading standards apply following removal from state court based on diversity jurisdiction. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) ("The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal."). Montana pleading standards do not constitute substantive law. *See, e.g., Sarkar v. World Savings FSB*, 2014 WL 457901 *2 n.2 (N.D. Cal. 2014) ("Plaintiff cannot credibly contend that California's pleading standards constitute substantive law.") (unpublished). Under all these circumstances, the Court finds that Defendant's motion to dismiss Defendant Lowney is well taken. Even under Montana's notice-pleading standard, *see Brilz v. Metropolitan General Life Ins.*, 2012 MT 184, ¶ 19, 366 Mont. 78, 87, 285 P.3d 494, 500 (Mont. 2012) (approving pleading rule set forth in *McKinnon v. Western Sugar Co-Op. Corp.*, 225 P.3d 1221, ¶17 (Mont. 2010)), Strizic's Complaint fails to allege facts that would support a cause of action against Lowney, and the failure is obvious according to Montana's settled rules.

Motion for Remand

Strizic's Motion for Remand asserts that Plaintiff properly joined Lowney as a Defendant because there is a "possibility" that an unfair trade practices claim could be proven against Lowney. (Doc. 21 at 6.) However, a possibility of a claim is not enough. Under the *Iqbal* standard, the claim must be plausible on its face. *Iqbal*, 556 U.S. at 678 (quoting *Twombley*, 550 U.S. at 570). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Strizic merely alleges that Lowney was doing her job for Northwestern when she provided inaccurate information to Standard. Strizic does not state any fact from which the Court could infer that Lowney's acts were outside the scope of her employment, that Lowney's acts were of such frequency as to indicate general business practice, or that Lowney's acts were for her own pecuniary benefit and against the best interests of the corporation. The closest Plaintiff can come is an allegation that Lowney "desired to prevent Strizic

9

from obtaining disability benefits." (Doc. 1-1, Compl. at 3, ¶8.) This unremarkable factual allegation that the employee intended the consequences of her actions is insufficient to reasonably infer any fact that would support a plausible claim against an employee of a corporation who is otherwise protected from suit by Montana public policy. *See Phillips*, 610 P.2d at 157. "One public policy consideration is that the officers, directors, employees and agents of a corporation must be shielded from personal liability for acts taken on behalf of the corporation, including the breaching of contracts in furtherance of corporate goals, policies, and business interests." *Id.*

Strizic intends to amend his Complaint to assert a negligence claim against Lowney. It is unclear how such a claim would be feasible in light of § 28-10-620, M.C.A., and *Crane Creek Ranch,* 103 P.3d at 538, ¶13; *Bottrell*, 773 P.2d at 708-09; and *Phillips*, 610 P.2d at 158. However, Strizic "may well develop facts showing that Peggy Lowney provides inaccurate information to Standard Insurance Company to prevent employees from successfully making claims under the short-term disability plan," Doc. 13 at 9. Until Strizic discovers such facts,

10

that claim does not yet exist. In the meantime, Defendants have demonstrated that removal is proper, so the motion for remand must be denied.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Defendant Peggy Lowney (Doc. 5) is GRANTED. Plaintiff's Complaint is DISMISSED against Defendant Lowney, without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Remand (Doc. 12) is DENIED.

Dated this 19th day of March, 2015.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE